J-A14039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ROBERT EGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLSTATE PROPERTY AND CASUALTY | : | No. 105 EDA 2023 |
| INSURANCE COMPANY AND JACK | : | |
| RUANE | : | |

Appeal from the Order Entered December 12, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 201000413

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.: **FILED JUNE 12, 2023**

Robert Egan ("Egan") appeals from the order sustaining preliminary objections in the form of a demurrer and dismissing the claims in his fifth amended complaint alleging breach of contract and negligence by Allstate Property and Casualty Insurance Company ("Allstate"). We remand for a supplemental trial court opinion.

The allegations of Egan's fifth amended complaint ("the complaint")[1] relating to this appeal are as follows. Jack Ruane ("Ruane"), who issues policies only for Allstate, issued a policy ("the policy") for a property in Boothwyn, Pennsylvania where Egan resided ("the property"); the policy provided coverage only if Egan resided at the property. **See** Fifth Amended

---

[1] The trial court previously dismissed Egan's assertions of bad faith against Allstate and breach of contract against Ruane stated in Egan's second amended complaint. **See** Order, 6/15/21.

Complaint at ¶¶ 25-32 and Exhibit "A." In May 2017, Egan left the property, having told Ruane that he would be moving out and receiving Ruane's assurance that he would "take care of'" changes to the policy. *See id*. at 25-31. In 2020, the property suffered fire damage and Allstate denied coverage under the policy. *See id*. at 32-34.

Egan's fifth amended complaint alleges that Allstate's denial of coverage constitutes a breach of an oral contract he made with Ruane, *see id*. at 36-40; Ruane breached the oral contract by failing to make the requested changes in the policy, *see id*. at 41-52; and Allstate and/or Ruane were negligent resulting in the denial of coverage. *See id*. at 53-65.

Allstate and Ruane filed preliminary objections to the complaint. The trial court sustained the preliminary objections and dismissed Egan's three claims with prejudice.[2] Egan timely appealed and filed a court-ordered Rule 1925(b) statement challenging the court's decision to sustain the preliminary objections to the claims in the fifth amended complaint and the claims of bad faith by Allstate and breach of contract by Ruane in the second amended complaint. *See* Egan's Brief at 7-25.

The trial court filed a Rule 1925(a) opinion but did not address the merits of any of Egan's substantive claims except to state that Egan's negligence

---

[2] The court had previously dismissed the claims of bad faith by Allstate and breach of contract by Ruane asserted in the second amended complaint. *See* Order, 6/15/21.

claim failed to assert any duty Ruane owed to Egan. *See* Trial Court Opinion, 2/27/23, at 4 (unnumbered). The opinion does not address the breach of contract claim based on the alleged oral contract or the bad faith claim; it states only that Egan cannot recover because he did not reside at the property at the time of damage. *See id*. at 6-7 (unnumbered). We cannot review the merits of Egan's claims without the trial court's opinion addressing the merits of Egan's claims.[3]

Accordingly, we remand for the trial court to file, within thirty days, a supplemental opinion addressing all issues raised in Egan's Pa.R.A.P. 1925(b) statement. We direct this Court's prothonotary to issue, upon receipt of the trial court's supplemental opinion, a new briefing schedule. Furthermore, we direct that upon receipt of all necessary filings and briefs, the Prothonotary

_____

[3] The trial court declined to review the merits of Egan's claims because Egan filed his fifth amended complaint more than twenty days after the dismissal of the fourth amended complaint without leave of court, in violation of Pa.R.Civ.P. 1028(e). *See* Trial Court Opinion, 2/27/23, at 5-6. The trial court did not cite Rule 1028(e) when it granted Allstate and Ruane's preliminary objections to Egan's Fifth Amended Complaint. *See* Order, 11/28/22. Allstate had previously filed in the motions court, a motion to dismiss Egan's action with prejudice that asserted as the basis for relief Egan's failure to comply with Rule 1028(e). *See* Motion to Dismiss Action with Prejudice, 6/6/22, at 4-5. The motions court denied the motion. *See* Order, 11/7/22. Accordingly, the trial court's assertion in its Rule 1925(a) opinion that a violation of Pa.R.Civ.P. 1028(e) required sustaining preliminary objections in the form of a demurrer and dismissing Egan's complaint *after* the motion's court's contrary ruling, runs afoul of the court's coordinate jurisdiction rule. *See Commonwealth v. Starr*, 664 A.2d 1326 (Pa. 1995).

shall list this appeal before the next available argument panel convening in the Eastern District.

Case remanded with instructions. Court jurisdiction retained. Case continued to a future argument panel.